```
                               United States Bankruptcy Court
                               Middle District of Pennsylvania
In re:                                                                                  Case No. 17-01581-HWV
Bryson C Haubrick                                                                       Chapter 13
Christeen M Haubrick
         Debtors                        CERTIFICATE OF NOTICE
District/off: 0314-1           User: CGambini                Page 1 of 2                Date Rcvd: May 22, 2017
                               Form ID: pdf002               Total Noticed: 61


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 24, 2017.
db/jdb         +Bryson C Haubrick,    Christeen M Haubrick,    702 South Main St,   Lewistown, PA 17044-2535
4910328        +AES/PHEAA,    PO Box 61047,   Harrisburg, PA 17106-1047
4910329         ARS,   PO Box 459079,    Sunrise, FL 33345-9079
4910330        +AT&T,   ERC,   PO Box 57547,    Jacksonville, FL 32241-7547
4910326        #+Aarons Sales & Lease Ownership,    309 E Paces Ferry,    Atlanta, GA 30305-2367
4913039        +Americredit Financial Services, Inc. dba GM Financ,    P O Box 183853,
                 Arlington, TX 76096-3853
4910331        +Beneficial,    c/o Galaxy Asset Purchasing LLC,    4730 South Fort Apache Rd Ste 300,
                 Las Vegas, NV 89147-7947
4910332         Bernstein-Burkley PC,    Att Raymond P Wendolowski Jr,    Suite 2200 Gulf Tower Firm#718,
                 Pittsburgh, PA 15219
4910333        +Bureau Account Management,    PO Box 8875,   Camp Hill, PA 17001-8875
4910336         CBCS,   PO Box 2724,    Columbus, OH 43216-2724
4910338        +CNAC of State College Inc,    3510 West College Ave,    State College, PA 16801-2507
4910337        +Central Pennsylvania Endodontics,    240 S Burrowes Street,    State College, PA 16801-4008
4910341         Constellation New Energy,    c/o Credit Protection Assoc,    PO Box 9037,
                 Addison, TX 75001-9037
4910342         Convergent,    PO Box 9004,   Renton, WA 98057-9004
4910344         David C Holman DPM,    101 E Chestnut St,   Mifflinburg, PA 17844-9607
4910345        +Dept Ed/Naviet,    PO Box 9635,   Wilkes Barre, PA 18773-9635
4910346        +Dicks Home Care Inc,    224 North Logan Blvd,    Burnham, PA 17009-1850
4910347         Emergency Care Serv of PA PC,    3585 Ridge Park Drive,    Akron, OH 44333-8203
4910348        +Family Health Associates,    400 Highland Avenue,   Lewistown, PA 17044-1167
4910349        +Family Practice Center,    7 Dock Hill Rd,   Middleburg, PA 17842-8910
4910351        +First Energy/Penn Elec,    PO Box 6001,   Reading, PA 19610-0001
4910352         Foremost Insurance Company,    PO Box 0915,   Carol Stream, IL 60132-0915
4910356        +GM Financial,    PO Box 181145,   Arlington, TX 76096-1145
4910353        +Geisiner Medical Center,    PO Box 828518,   Philadelphia, PA 19182-8518
4916914         Geisinger Health System,    100 North Academy Ave,   Danville, PA 17822-4938
4910355         Geisinger Medical Center,    c/o Penn Credit,    PO Box 988,    Harrisburg, PA 17108-0988
4910358        +Halbruner Hatch & Guise LLP,    2109 Market Street,    Camp Hill, PA 17011-4723
4916437        +Harley-Davidson Credit Corp.,    PO Box 9013,   Addison, Texas 75001-9013
4910360        +Heller Hoenstine Funeral Home,    200 N Main St,   Lewistown, PA 17044-1756
4910363        +Lance M Shellenberger,    6938 US Hwy 90A W,    Gonzales, TX 78629-6092
4910364        +Lewistown Ambulatory Care Corp,    400 Highland Avenue,    Lewistown, PA 17044-1167
4910365        +Lewistown Health & Fitness,    109 S Plaza Dr,   Lewistown, PA 17044-2138
4910366        +Lewistown Hospital,    c/o Bureau of Account Management,    3607 Rosemont Ave Ste 50,
                 Camp Hill, PA 17011-6943
4910368        +Mifflin County OB/GYN,    130 Highland Ave Ext,    Lewistown, PA 17044-1331
4910369         National Recovery,    2491 Paxton Street,   Harrisburg, PA 17111-1036
4910370        +Office of Attorney General,    Collections Unit,    14th Flr Strawberry Square,
                 Harrisburg, PA 17120-0001
4911153        +PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
4910372         Penelec,    PO Box 16001,   Reading, PA 19612-6001
4910373        +Penn Anesthesia Services PC,    118 North Bedford Road Ste 200,    Mount Kisco, NY 10549-2555
4910374         Penn Credit,   916 S 14th St,    PO Box 988,   Harrisburg, PA 17108-0988
4910375         PennCredit Corp,    916 S 14th St,   PO Box 988,    Harrisburg, PA 17108-0988
4910377        +R P Malhotra MD PC,    18 North Main St,   Lewistown, PA 17044-1714
4910378         Steele's Storage,    147 Sunset Ave,   Pleasant Gap, PA 16823-3526
4910381        +Verizon,   National Recovery Operations,    PO Box 26055,    Minneapolis, MN 55426-0055

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4910327        +E-mail/Text: bankruptcydepartment@tsico.com May 22 2017 19:10:40      ADT Security Services Inc,
                 c/o Transworld Systems Inc,    PO Box 17205,   Wilmington, DE 19850-7205
4910334        +E-mail/Text: notices@burt-law.com May 22 2017 19:10:43      Burton Neil & Associates,
                 1060 Andrew Dr Suite 170,    West Chester, PA 19380-5600
4910335         E-mail/PDF: gecsedi@recoverycorp.com May 22 2017 19:03:31       Care Credit/Synchrony Bank,
                 Attn: Bankruptcy Dept.,    PO Box 965060,   Orlando, FL 32896-5060
4910339        +E-mail/Text: DATA@COLLECTIONCENTERIND.COM May 22 2017 19:10:43      Collection Center,
                 PO Box 8666,    Lancaster, PA 17604-8666
4910340         E-mail/Text: ned-collections_bankruptcydocuments@comcast.com May 22 2017 19:10:36
                 Comcast Cable,    PO Box 3006,   Southeastern, PA 19398-3006
4910343        +E-mail/Text: JCAP_BNC_Notices@jcap.com May 22 2017 19:10:28      Corinthian Colleges,
                 c/o Jefferson Capital Systems,    PO Box 7999,   Saint Cloud, MN 56302-7999
4910350        +E-mail/Text: bankruptcy_notifications@ccsusa.com May 22 2017 19:10:43
                 Farmers Insurance Group,    c/o Credit Collection Services,    725 Canton Street,
                 Norwood, MA 02062-2679
4910354        +E-mail/Text: bnc-capio@quantum3group.com May 22 2017 19:10:19      Geisinger Lewistown Hospital,
                 c/o Capio Partners LLC,    PO Box 3778,   Sherman, TX 75091-3778
4910357         E-mail/Text: bankruptcy@hraccounts.com May 22 2017 19:10:02      H&R Accounts Inc,
                 7017 John Deere Parkway,    PO Box 1654,   Moline, IL 61266-0672
4910359        +E-mail/Text: bankruptcy.notices@hdfsi.com May 22 2017 19:10:39      Harley Davidson Credit Corp,
                 assignee Eaglemark Savings Bank,    3850 Arrowhead Drive,    Carson City, NV 89706-2016
```

```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
4910361        E-mail/Text: cio.bncmail@irs.gov May 22 2017 19:10:06      Internal Revenue Service,
                Centralized Insolvency Operations,    PO Box 7346,   Philadelphia, PA 19101-7346
4910367       +E-mail/Text: bankruptcydpt@mcmcg.com May 22 2017 19:10:21      Midland Funding LLC,
                8875 Aero Drive,    San Diego, CA 92123-2255
4912888        E-mail/PDF: cbp@onemainfinancial.com May 22 2017 19:03:41      ONEMAIN,   P.O. BOX 3251,
                EVANSVILLE, IN 47731-3251
4910371        E-mail/PDF: cbp@onemainfinancial.com May 22 2017 19:03:47      OneMain Financial,
                Personal Bankruptcy Dept,    PO Box 6042,   Sioux Falls, SD 57117-6042
4910376       +E-mail/Text: bankruptcy_notifications@ccsusa.com May 22 2017 19:10:43
                Progressive Insurance Company,    c/o Credit Collection,   PO Box 607,   Norwood, MA 02062-0607
4910379        E-mail/Text: bkrcy@ugi.com May 22 2017 19:10:40      UGI Central Penn Gas,   PO Box 15426,
                Wilmington, DE 19886-5426
4910380        E-mail/Text: skorman@uoc.com May 22 2017 19:10:41      University Orthopedics Center,
                101 Regent Court,    State College, PA 16801-7965
                                                                                               TOTAL: 17

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*           +PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
4910362      ##+Keystone Credit Collection,    PO Box 686,   Lock Haven, PA 17745-0686
                                                                                TOTALS: 0, * 1, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 24, 2017                              Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 22, 2017 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com,  TWecf@pamd13trustee.com
              Michael  Johnston    on behalf of Joint Debtor Christeen M Haubrick jzmlawbecky@nmax.net
              Michael  Johnston    on behalf of Debtor Bryson C Haubrick jzmlawbecky@nmax.net
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 4
```

Rev. 09/01/14

## LOCAL BANKRUPTCY FORM 3015-1

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

BRYSON C. HAUBRICK and
CHRISTEEN M. HAUBRICK
aka CHRISTEEN M. SMITH
aka CHRISTEEN M. HARDING,

: CHAPTER 13
: CASE NO. 1 - 17 -bk- 0 _____
:
: CHAPTER 13 PLAN
:
: (Indicate if applicable)
: # MOTIONS TO AVOID LIENS
: # MOTIONS TO VALUE COLLATERAL
:
: [✓] ORIGINAL PLAN
:   [ ] AMENDED PLAN
:   (Indicate 1ST, 2ND, 3RD, etc.)

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

### PLAN PROVISIONS

**DISCHARGE:** (Check one)

[✓] The debtor will seek a discharge of debts pursuant to Section 1328(a).

[ ] The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

[ ] This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. Plan Payments

    1. To date, the Debtor(s) has paid $ __0.00__ (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $ 34,254.00 , plus other payments and property stated in Section 1B below:

    | Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
    |---|---|---|---|---|
    | 5/18/2017 | 4/18/2022 | $570.90 | | $34,254.00 |
    | | | | | |
    | | | | | |
    | | | | | |
    | | | | | |
    | | | | Total Payments: | $ 34,254.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

    3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

    4. CHECK ONE:  [✓] Debtor(s) is at or under median income

    [ ] Debtor(s) is over median income. Debtor(s) calculates that a minimum of $ _____ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

    B. Liquidation of Assets

    1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $_____ from the

2

sale of property known and designated as _____
_____. All sales shall be completed by
_____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

_____

2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

3. The Debtor estimates that the liquidation value of this estate is $_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

2. **SECURED CLAIMS**

   A. <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

   B. <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms, unless otherwise agreed to by the contracting parties, and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

3

Rev. 09/01/14

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| CNAC | 2005 Dodge Caravan | $ 358.00 | $ 11,281.00 |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

C. <u>Arrears</u>. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |

D. <u>Secured Claims Paid According to Modified Terms</u>. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

4

Case 1:17-bk-01581-HWV    Doc 3    Filed 04/18/17    Entered 04/18/17 10:41:50    Desc
Main Document      Page 4 of 9
Case 1:17-bk-01581-HWV    Doc 26    Filed 05/24/17    Entered 05/25/17 00:49:11    Desc
Imaged Certificate of Notice    Page 6 of 11

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| GM Financial | 2011 Subaru Legacy | $ 11,376.00 | 3.25 % | $ 13,193.79 | Plan |
|  |  | $ | % | $ |  |
|  |  | $ | % | $ |  |

\* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.

E. <u>Other Secured Claims</u>. (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
|  |  | $ | % | $ |
|  |  | $ | % | $ |
|  |  | $ | % | $ |

F. <u>Surrender of Collateral</u>. Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Harley Davidson Credit Corp | 2015 HD VRSDX Night Rod motorcycle |
|  |  |
|  |  |

5

G.  Lien Avoidance. The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral |
|---|---|
|  |  |
|  |  |
|  |  |

H.  Optional provisions regarding duties of certain mortgage holders and servicers. Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. (Check if applicable)

☐ Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

(2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3.  **PRIORITY CLAIMS**

A.  Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
| Internal Revenue Service | $ 1,600.00 |
|  | $ |
|  | $ |

6

Case 1:17-bk-01581-HWV   Doc 3   Filed 04/18/17   Entered 04/18/17 10:41:50   Desc
Main Document       Page 6 of 9
Case 1:17-bk-01581-HWV   Doc 26   Filed 05/24/17   Entered 05/25/17 00:49:11   Desc
Imaged Certificate of Notice    Page 8 of 11

B. <u>Administrative Claims</u>:

(1) Trustee fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2) Attorney fees. Check one box:

[✔] In addition to the retainer of $__0.00__ already paid by the Debtor, the amount of $__4,000.00__ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2.

[ ] $_____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court.

(3) Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  | $ |
|  | $ |
|  | $ |

## 4. UNSECURED CLAIMS

A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| Office of Attorney General Collections Unit | Non-dischargeable debt to government | $ 13,119.09 | % | $ 13,119.09 |
|  |  | $ | % | $ |

B. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

7

Case 1:17-bk-01581-HWV Doc 3 Filed 04/18/17 Entered 04/18/17 10:41:50 Desc
Main Document Page 7 of 9
Case 1:17-bk-01581-HWV Doc 26 Filed 05/24/17 Entered 05/25/17 00:49:11 Desc
Imaged Certificate of Notice Page 9 of 11

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| | | $ | % | $ | $ | |
| | | $ | % | $ | $ | |

6. **REVESTING OF PROPERTY: (Check One)**

   [✓] Property of the estate will vest in the Debtor upon confirmation. (Not to be used with Section 2H)

   [ ] Property of the estate will vest in the Debtor upon closing of the case.

7. **STUDENT LOAN PROVISIONS**

   A. <u>Student loan provisions</u>. This plan does not seek to discharge student loan(s) except as follows:

   (NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| | $ | % | $ | $ |
| | $ | % | $ | $ |

8. **OTHER PLAN PROVISIONS**

   A. Include the additional provisions below or on an attachment. (**NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.**)

8

Rev. 09/01/14

9. **ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:   Adequate protection payments.
Level 2:   Debtor's attorney's fees.
Level 3:   Domestic Support Obligations.
Level 4:   Priority claims, pro rata.
Level 5:   Secured claims, pro rata.
Level 6:   Specially classified unsecured claims.
Level 7:   General unsecured claims.
Level 8:   Untimely filed unsecured claims to which the Debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the Trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated: 4/18/2017

/s/ Michael Johnston
Attorney for Debtor

/s/ Bryson C. Haubrick
Debtor

/s/ Christeen M. Haubrick
Joint Debtor

9